# UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 24-8048 |
| --- | --- |
| Case Name | BCB Cheyenne LLC v. MineOne Wyoming Data Center LLC et al. |
| Party or Parties Filing Notice of Appeal Or Petition | MineOne Wyoming Data Center LLC |
| Appellee(s) or Respondent(s) | BCB Cheyenne LLC |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.     APPEAL FROM DISTRICT COURT**

        **1.**     Date final judgment or order to be reviewed was **entered** on the district court docket: June 28, 2024

        **2.**     Date notice of appeal was **filed**: July 26, 2024

        **3.**     State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days from June 28, 2024; Fed. R. App. P. 4(a)(1)(A)

            **a.**     Was the United States or an officer or an agency of the United States a party below? No

            **b.**     Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion,

the date of any order disposing of the motion, and the deadline for filing the notice of appeal: <u>No</u>

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): <u>None</u>

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when? <u>None</u>

5. Is the <u>order</u> or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? No.

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? No.

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? Yes.

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United*

*Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals). <u>N/A</u>

    **b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). <u>N/A</u>

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.) <u>N/A</u>

    **1.** Date of the order to be reviewed: _____

    **2.** Date petition for review was filed: _____

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: ____

    **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.** **APPEAL OF TAX COURT DECISION** <u>N/A</u>

    **1.** Date of entry of decision appealed: _____

    **2.** Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See*

Fed. R. App. P. 13(a)

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**. N/A

   A. Does this appeal involve review under 18 U.S.C. '3742(a) or (b) of the sentence imposed? _____

   B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

   C. Describe the sentence imposed. _____

   D. Was the sentence imposed after a plea of guilty? _____

   E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

   F. Is the defendant on probation or at liberty pending appeal? _____

   G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

   **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

The case below involves breach of contract claims and other business tort claims asserted by Plaintiff and in counterclaims by Defendants. The result below which is being appealed is the Court's improper granting of prejudgment

writs against Defendant MineOne Wyoming Data Center LLC.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

The issue to be raised in the United States Court of Appeals for the Tenth Circuit is from the *Order Granting Request for Issuance of Prejudgment Writs of Attachment and Garnishment* [ECF Doc. 254] dated and filed on June 28, 2024 (the "Order") and the hearing thereon which occurred on June 26, 2023. MineOne Wyoming Data Center LLC is only appealing the Order so far as the Order granted the issuance of the prejudgment writs of attachment and garnishment of Defendant MineOne Wyoming Data Center LLC's assets attached thereunder. This Order is appealable as the order is an interlocutory order of serious, irreparable consequence and can only be effectively challenged by an immediate appeal. *Ditucci v. Bowser*, 985 F.3d 804, 809 (10th Cir. 2021); 28 USC §1292(a)(1).

V. **ATTORNEY FILING DOCKETING STATEMENT:**

Name: Sean Larson                    Telephone: (307) 634-7723

Firm: Hathaway & Kunz, LLP

Email Address: slarson@hkwyolaw.com

Address: 2515 Warren Avenue, Suite 500, Cheyenne, WY 82001

/s/ Sean Larson                                        August 8, 2024

Signature                                              Date

## **CERTIFICATE OF SERVICE**

I, Sean Larson, hereby certify that on August 8, 2024, I electronically filed the foregoing Docketing Statement with the Clerk of Court using the CM/ECF System which Based on the records currently on file the Clerk of Court will transmit a Notice of Electronic Filing to all registered counsel of record.

*/s/ Sean Larson*
Signature

August 8, 2024
Date

Sean Larson Wyo. Bar #7-5112
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003
Phone: (307) 634-7723
Fax: (307) 634-0985
slarson@hkwyolaw.com